**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2066
_____

PALANI KARUPAIYAN; P. P.; R. P.

v.

L. NAGANDA, individually and in his official capacity as Owner of Naga Law Firm;
NAGA LAW FIRM; J. RAMYA; P. JAYABALAN; J. RANJEETHKUMAR; ARUL
THIRUMURUGU; ATLANTIC REALTY DEVELOPMENT CORP; MIDDLESEX
MANAGEMENT INC; OAK TREE VILLAGE; DAVID HALPERN, individually and in
his official capacity as CEO, Owner of Atlantic Realty Development Corp, Middlesex
Management, Oaktree Village; D&G TOWING; GLENN STRAUBE, individually and in
his official capacity as owner of D&G Towing; JUDGE MARCIA SILVA, individually
and in her official capacity as Judge of the Superior Court, Middlesex County, NJ;
JUDGE CRAIG CORSON, individually and in his official capacity as Judge of the
Superior Court, Middlesex County, NJ; JUDGE JERALD COUNCIL, individually and in
his official capacity as Judge of the Superior Court, Middlesex, NJ; JUSTICE STUART
RABNER, individually and in his official capacity as Chief Justice of Supreme Court of
NJ; JUSTICE JAYNEE LA VECCHIA, individually and in her official capacity as
Justice of Supreme Court of NJ; JUSTICE BARRY T. ALBIN, individually and in his
official capacity as Justice of the Supreme Court of NJ; JUSTICE ANNE M.
PATTERSON, individually and in her official capacity as Justice of the Supreme Court
of NJ; JUSTICE FAUSTINO J. FERNANDEZ-VINA, individually and in his official
capacity as Justice of the Supreme Court of NJ; JUSTICE LEE A. SOLOMON,
individually and in his official capacity as Justice of the Supreme Court of NJ; JUSTICE
WALTER F. TIMPONE, individually and in his official capacity as Justice of the
Supreme Court of NJ; JUDGE GLENN GRANT, individually and in his official capacity
as Administrative Director of the Courts of the State of New Jersey; JUDGE ALLISON
E. ACCURSO, individually and in her official capacity as Judge of Appellate Division of
NJ; JUDGE PATRICK DEALMEIDA, individually and in his official capacity as Judge
of the Appellate Division of NJ; JUDGE JOSEPH L. YANNOTTI, individually and in
his official capacity as Judge of the Appellate Division of NJ; COUNTY OF
MIDDLESEX; STATE OF NEW JERSEY; TOWNSHIP OF EDISON

Palani Karupaiyan,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-12356)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2022
Before:  RESTREPO, RENDELL, and FUENTES, Circuit Judges

(Opinion filed: October 4, 2022)
_____

OPINION*
_____

PER CURIAM

Palani Karupaiyan, proceeding pro se, appeals an order of the United States

District Court for the District of New Jersey that sua sponte dismissed his second

amended complaint for failure to comply with the pleading requirements of Federal Rule

of Civil Procedure 8.  For the following reasons, we will affirm.

Karupaiyan filed a 180-page, single-spaced civil complaint in September 2020.

(ECF 1.)  The District Court dismissed the majority of that complaint without prejudice

because it did not contain "short and plain" statements of his claims, see Fed. R. Civ. P.

8(a)(2), but provided Karupaiyan with 30 days to file an amended complaint.  (ECF 3.)

Karupaiyan then filed a first amended complaint (ECF 7).  The defendants moved to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

dismiss that complaint, arguing that it too failed to comply with Rule 8(a). The District Court granted that motion by order entered August 12, 2021 (ECF 44 & 45), and we affirmed, holding that the first amended complaint contained a "disjointed factual narrative" that "was unconnected to any potential claims or purported grounds for liability." See Karupaiyan v. Naganda, No. 21-2560, 2022 WL 327724, at *2 (3d Cir. Feb. 3, 2022). Meanwhile, Karupaiyan filed a second amended complaint. (ECF 31.) The District Court sua sponte dismissed that complaint with prejudice, explaining that it still failed to comply with Rule 8.[1] (ECF 56 & 57.) Karupaiyan timely appealed.[2] (ECF 60.)

---

[1] The District Court also dismissed as moot Karupaiyan's motion to "appoint [a] guardian ad litem … or [a]n attorney[,]" and his motion seeking to prevent his arrest in connection with a state family court action.

[2] Karupaiyan filed an amended notice of appeal, challenging orders denying for lack of jurisdiction a motion for a permanent injunction and a motion to appoint counsel, and to appoint himself guardian ad litem. (ECF 67.) We conclude that the District Court properly rejected those motions, which were filed while this appeal was pending. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."). The amended notice of appeal, as well as the original notice of appeal, also identified the August 12, 2021 order dismissing Karupaiyan's first amended complaint, and orders entered before that date. But the original and amended notice of appeal, which were filed on June 6, 2022, and June 9, 2022, respectively, are untimely as to those orders. See Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 209 (2007).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for abuse of discretion the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Whether the "short and plain statement" requirement is satisfied "is a context-dependent exercise." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). Rule 8 does not require "detailed factual allegations," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), but a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing whether a complaint complies with Rule 8, we "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Garrett, 938 F.3d at 92.

We conclude that the District Court did not abuse its discretion in holding that Karupaiyan's second amended complaint failed to comply with Rule 8.[3] See id. at 92 (stating that "the question before us is not whether we might have chosen a more lenient

---

[3] We also conclude that the District Court properly dismissed as moot Karupaiyan's motion to "appoint [a] guardian ad litem … or [a]n attorney" and his motion seeking to prevent his arrest in connection with a state family court action. See supra note 1.

4

course than dismissal . . . but rather whether the District Court abused its discretion in ordering the dismissal") (citation omitted). Karupaiyan's second amended complaint was anything but "simple, concise, and direct." See Fed. R. Civ. P. 8(d)(1). Instead, it consisted of 361 pages and 1458 separately-numbered paragraphs, plus a 65-paragraph single-spaced nine-page prayer for relief. Notably, that complaint was filed after the District Court dismissed Karupaiyan's 180-page original complaint because it was "dense and difficult to follow." (ECF 3, at 20); In re Westinghouse Sec. Litig., 90 F.3d 696, 703 (3d Cir. 1996) (affirming the dismissal of an "unnecessarily complicated and verbose" 240-page counseled complaint that plaintiffs had failed to sufficiently narrow through "two rounds of difficult motions"). We agree that Karupaiyan's second amended complaint did not provide fair notice of his claims, describe the grounds upon which they rest, or set forth any plausible claim to relief. Garrett, 938 F.3d at 92-93 (explaining that "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleading"). Accordingly, we will affirm.[4]

---

[4] We deny Karupaiyan's motion to stay this appeal until the Supreme Court decides his "Rule 11 based petition for writ of certiorari." (Doc. 14.)